UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

Plaintiff,

v.

5530 MONTEREY ROAD LLC, et al.,

Defendants.

Case No. 20-cv-04740-WHO

**ORDER DENYING MOTION TO DISMISS**

Dkt. No. 13

United States District Court
Northern District of California

**INTRODUCTION**

Plaintiff Scott Johnson is a California resident with physical disabilities. Dkt. No. 1 Complaint ("Compl.") ¶ 1. He is a level C-5 quadriplegic, cannot walk, and has significant manual dexterity impairments. *Id.* He uses a wheelchair for mobility and a specially equipped van. *Id.* Defendants 5530 Monterey Road LLC and Travel Inn Gilroy LLC own the real property and a motel located at 5530 Monterey Road in Gilroy, California (the "Property"), which is a place of public accommodation and business establishment open to the public. *Id.* ¶¶ 2-5, 11. Plaintiff alleges that the Property has various physical barriers that do not comply with disability access laws. Based on these alleged physical barriers, on July 15, 2020, plaintiff filed this action, asserting claims against the defendants under (1) the Americans with Disabilities Act ("ADA"); and (2) California's Unruh Civil Rights Act. *See* Compl. ¶¶ 27-44.

On August 14, 2020, defendants moved to dismiss this action under Rule 12(b)(1), arguing that the alleged physical barriers identified in plaintiff's Complaint have been resolved, as indicated in their concurrently filed expert declaration, and that plaintiff's claims are moot. Dkt. No. 13-1, Motion to Dismiss ("Motion") at 7-8. Defendants also argued that, given the mootness of the ADA claims, this Court should exercise its discretion to decline to hear plaintiff's

supplemental state claims. *Id.* at 10. On August 28, 2020, plaintiff opposed defendant's motion to dismiss, arguing that the motion improperly asks this Court to determine the merits of plaintiff's claims in order to assess jurisdiction. Dkt. No. 14, Opposition ("Opp.") at 1-4. Plaintiff also argued that defendants' expert declaration was insufficient to establish that the physical barriers described in plaintiff's Complaint were fully resolved. *Id.* at 4-8.

On September 14, 2020, I issued an Order stating, in part, that plaintiff could file a supplemental substantive response to defendants' motion to dismiss, by October 28, 2020, following the parties' joint on-site inspection of the Property, and that defendants could file a supplemental reply by November 4, 2020. Dkt. No. 16-1. On October 27, 2020, plaintiff filed a supplemental opposition to defendants' motion to dismiss along with the declaration of Tim Wegman, which identifies several remaining physical barriers still present at the Property. *See* Dkt. No. 19, Supplemental Opposition ("Supp. Opp."); Dkt. No. 19-1, Wegman Decl. On November 4, 2020, defendants filed a supplemental reply, arguing that these alleged remaining barriers either do not exist, or have now been remedied. *See* Dkt. No. 20, Supplemental Reply ("Supp. Reply"). On November 5, 2020, defendants submitted a supplemental Lobnow declaration in support of this supplemental reply. *See* Dkt. No. 21 Supp. Lobnow Decl.

For the reasons outlined below, I conclude that there are facts in dispute regarding whether the alleged physical barriers at the Property have been resolved. Accordingly, defendants' motion to dismiss on mootness grounds is DENIED. Further, I decline to use my discretion to dismiss plaintiff's state claims and defendants' motion to dismiss these claims is also DENIED. Because some of the alleged barriers plaintiff describes in his briefing are not clearly alleged in the Complaint, plaintiff will have 20 days leave to amend his Complaint to allege facts regarding these barriers.

## BACKGROUND

### I. COMPLAINT ALLEGATIONS

In October 2019, January 2020, and February 2020, plaintiff traveled to the Property with the intention of using the Property's services and, in part, to determine whether the Property complies with disability access laws. Compl. ¶ 10. He alleges that when he visited the Property,

the defendants "failed to provide wheelchair accessible parking in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff" and that the Property still does not have wheelchair accessible parking. *Id.* ¶¶ 12-13. He further alleges, on information and belief, that at the times he visited, and presently, the Property did not and does not have (1) a wheelchair accessible guestroom; (2) wheelchair accessible door hardware at the lobby entrance; and (3) wheelchair accessible transaction counters. *Id.* ¶¶ 14-19.

## II. DEFENDANTS' LOWNOW DECLARATION

In support of their motion to dismiss, defendants submitted a declaration from Craig Lobnow. Dkt. No. 13-2, Lobnow Decl. Lobnow declares that he visited the Property on August 10, 2020, inspected the alleged physical barriers described in plaintiff's Complaint, and prepared a report of his findings. *Id.* ¶ 4. Based on his inspection, Lobnow declares that the Property's accessible parking is ADA compliant because (1) the accessible parking space is 108 inches wide; (2) the access aisle is 96 inches wide; (3) the parking space and access aisle are the same length; (4) the parking space and aisle have correct painted markings; and (5) the running slopes of the parking space and access aisle are not greater than 2.0%. *Id.* ¶¶ 5-6. Further, Lobnow declares that the Property's guestrooms are ADA compliant because the Property has one accessible guestroom out of 24, and the accessible guestroom interior, toilet, and bathroom meet ADA requirements for entrances, doors, and doorways. *Id.* ¶¶ 7-8. Finally, Lobnow declares that the lobby entrance door hardware complies with the ADA, noting that it can be operated with one hand; is within 15-48 inches from a front or side approach; does not require tight grasping, pinching, or twisting of the wrist, and does not require a force to activate of more than five pounds. *Id.* ¶¶ 9-11.

## III. PLAINTIFF'S WEGMAN DECLARATION

In support of his supplemental opposition, plaintiff submitted the declaration of Tim Wegman. In his declaration, Wegman declares that he participated in a joint site inspection of the Property on October 21, 2020. Wegman Decl. ¶ 21. Wegman declares that, using a digital level, he determined the slope of the parking space at the Property was 2.4% and 2.3% at various points. *Id.* ¶ 3. He further declares that he took multiple measurements and made various observations

regarding the accessible guestroom shower noting that: (1) the shower measured 60 inches wide by 30 inches deep; (2) the shower contains a grab bar that can be moved up and down from a maximum low point of 52 inches to a high of 71 inches; (3) the shower seat is bolted and affixed to the wall and cannot be folded up; and (4) the shower seat is rectangular in design and measures 13.5 inches from the side wall to the front edge of the seat. *Id.* ¶¶ 3-6.

**IV. DEFENDANTS' SUPPLEMENTAL LOBNOW DECLARATION**

On November 5, 2020, defendants submitted a supplemental declaration of Craig Lobnow addressing the barriers described in the Wegman declaration. *See* Supp. Lobnow Decl. In this declaration, Lobnow explains that (1) he measured the slope of the parking space at various points and that all points now have less than a 2% slope; (2) the guestroom bathroom shower seat measures 15 inches from the side wall to the front edge of the seat; (3) the shower grab bar is now 48 inches from the shower floor; and (4) the shower seat can be folded up. Supp. Lobnow Decl. ¶¶ 5, 7, 9-10.

**LEGAL STANDARD**

**I. RULE 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction,' and it is "presumed that a cause of action lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the authority to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve a facial challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. In contrast, with

a factual attack, a court may "look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment" and "need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

"Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983).

**II. SUPPLEMENTAL JURISDICTION**

Under 29 U.S.C. §1367(a), a district court has supplemental jurisdiction over claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 29 U.S.C. §1367(a). A district court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* (c)(4).

**DISCUSSION**

**I. MOOTNESS**

Defendants move to dismiss plaintiff's claims under 12(b)(1), arguing that all the complained of barriers have been remedied. *See* Motion. Defendants rely on the declaration of their expert, Craig Lobnow, to establish that the Property is now ADA compliant. *See generally*, Lobnow Decl. A district court is "ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial," *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983), including on a Rule 12(b)(1) motion to dismiss. However, the Ninth Circuit has cautioned that it

is inappropriate to resolve factual disputes on a motion to dismiss where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (internal quotation marks and citation omitted).

In ADA cases, the continuing existence of physical barriers is both a jurisdictional and substantive issue and accordingly, courts generally decline to dismiss ADA claims on mootness grounds unless there is no factual dispute that the alleged barriers have been remedied. *See, e.g. Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found.*, Case No. 17-cv-00381-BLF, 2017 WL 2954647, at *3 (N.D. Cal. July 11, 2017) (denying Rule 12(b)(1) motion where the parties submitted competing expert declarations); *Alcazar v. Bubba Gump Shrimp Co. Restaurants, Inc.*, Case No. 20-cv-02771-DMR, 2020 WL 4601364, at *4 (N.D. Cal. Aug. 11, 2020) (denying motion to dismiss ADA claims for mootness where parties submitted competing declarations regarding remedial measures); *Powers v. Mad Vapatory LLC*, Case No. 19-cv-05642-VKD, 2020 WL 3402245, at *6 (N.D. Cal. June 19, 2020) ("the Court will not dismiss the action at this juncture because the jurisdictional analysis is coextensive with the merits of Mr. Powers's ADA claim"); *Johnson v. Case Ventures, LLC*, Case No. 5:19-cv-02876-EJD, 2020 WL 4747908 (N.D. Cal. Aug. 17, 2020) (applying summary judgment standard to evidence re mootness of ADA claims); *see also Langer v. Nenow*, Case No. 18-cv-01670-GPC-PGS, 2020 WL 708144, at *4 (S.D. Cal. Feb. 12, 2020) (finding that a plaintiff's ADA claim was moot where a defendant submitted evidence and an expert report that the alleged violations had been cured and plaintiff did not submit competing evidence).

Here, there are facts in dispute regarding the current state of the Property. Defendants' expert Lobnow states in his declaration that the cross and running slopes of the Property's accessible parking space and access aisle are not greater than 2.0%, as required by the ADA. Lobnow Decl. ¶¶ 5-6. In contrast, plaintiff's investigator, Wegman, declares that the space's slope reaches 2.4% and 2.3%. Wegman Decl. ¶ 3. In his supplemental declaration, Lobnow again disputes this finding, declaring that the parking space and access aisle slopes do not exceed 2.0%. Supp. Lobnow Decl. ¶ 5. This is a direct factual dispute regarding the slope of the Property's

parking space. In addition, in his declaration Lobnow declares that the Property's accessible guestroom and bathroom "meet[] the requirements for entrances, doors, and doorways" and are compliant with accessibility codes. Lobnow Decl. ¶¶ 7-8. But the Wegman declaration submitted by plaintiff identifies three remaining issues with the guestroom's shower: (1) the shower spray unit reaches a maximum low point of 52 inches – but ADA standards require such units to be no higher than 48 inches above the shower floor; (2) the shower seat is bolted and fixed to the wall and cannot be folded up – but ADA standards require roll-in shower seats to fold; and (3) the shower seat measures 13.5 inches from the side wall to the front edge of the seat – but ADA standards require such seats to measure between 15 and 16 inches from the seat wall. Wegman Decl. ¶¶ 3-6; Supp. Opp. at 3-4. The supplemental Lobnow declaration disputes these findings, instead concluding that (1) the shower spray unit has been lowered so that it reaches the required 48 inches above the shower floor height; (2) the shower seat is foldable; and (3) the shower seat is 15 inches, not 13.5 inches, from the shower wall. Supp. Lobnow Decl. ¶¶ 7, 9-10. Again, there is a direct factual dispute between the parties' submitted declarations regarding the shower's compliance with ADA standards.

In addition, defendants' declarations and briefing do not address or rebut plaintiff's allegation that the Property does not have accessible transaction counters. *See* Compl. ¶ 19. Defendants have not attempted to argue or put forth facts demonstrating that this alleged barrier has been cured and thus, even absent the factual disputes described above, I cannot conclude that plaintiff's claims are moot.

Because there appears to be a legitimate factual dispute as to whether the Property is currently ADA compliant, and because defendants have not rebutted plaintiff's allegation that the Property does not have accessible transaction counters, defendants' motion to dismiss plaintiff's ADA claim for mootness is denied.

## II. SUPPLEMENTAL JURISDICTION

As defendants acknowledge, this Court has discretion to decline to exercise supplemental jurisdiction over plaintiff's state law claims under various circumstances. However, because I conclude that plaintiff's ADA claim is not moot, I decline to dismiss the state law claims.

Plaintiff's claims will be most efficiently litigated together in one forum and defendants do not identify any strong justification for declining jurisdiction of the state claims.

**CONCLUSION**

For the reasons outline above, defendants' motion to dismiss is DENIED. Because plaintiff's briefing and submitted expert declaration discuss physical barriers that are not clearly alleged in the Complaint, plaintiff will have 20 days leave to amend his Complaint to add factual allegations regarding these barriers.

The parties are reminded of their responsibilities under General Order 56. If they have not held their in person settlement meeting, they should do so (at the site or virtually) within the next . 20 days. Within 35 days, they shall file the Notice of Need for Mediation as required by General Order 56 if the case has not resolved.

**IT IS SO ORDERED.**

Dated: November 16, 2020



William H. Orrick
United States District Judge

United States District Court
Northern District of California